**UNITED STATES COURT OF INTERNATIONAL TRADE**
**NEW YORK, NEW YORK**

BEFORE: UNASSIGNED

|  |  |
|---|---|
| INTERPIPE UKRAINE LLC and <br> NORTH AMERICAN INTERPIPE, INC. <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 22- 00066 <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT**

Pursuant to Rule 3(a)(2) of the Rules of the United States Court of International Trade, Plaintiffs Interpipe Ukraine LLC ("Interpipe Ukraine") and North American Interpipe, Inc. ("NAI") (collectively, "Interpipe") bring this Complaint against the United States of America, by and through undersigned counsel, and allege and state as follows:

**PARTIES**

1. Interpipe Ukraine is a foreign exporter of oil country tubular goods ("OCTG") from Ukraine. NAI is a U.S. importer of OCTG from Ukraine. Interpipe Ukraine is headquartered in Dnipro, Ukraine, and NAI is headquartered in Houston, Texas.

2. Defendant United States of America is the Federal Government of the United States of America.

**ADMINISTRATIVE DETERMINATION TO BE REVIEWED**

3. Interpipe contests certain aspects of the final results issued by the U.S. Department of Commerce, International Trade Administration ("Commerce"), in its first administrative review

of the antidumping duty ("AD") order on OCTG from Ukraine, Case No. A-823-815. The AD final results were published as *Oil Country Tubular Goods from Ukraine: Final Results of Antidumping Duty Administrative Review; 2019–2020*, 87 Fed. Reg. 7,801 (Dep't Commerce Feb. 10, 2022) ("*Final Results*"). This appeal also contests certain aspects of Commerce's accompanying Issues and Decision Memorandum for the Final Results of the Antidumping Duty Administrative Review: Oil Country Tubular Goods from Ukraine, dated February 4, 2022 ("*Final Results Issues and Decision Memo*"). The period of review ("POR") was July 10, 2019 through June 30, 2020.

## JURISDICTION

4.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c). That section confers exclusive jurisdiction on the U.S. Court of International Trade to review final AD determinations issued by Commerce under Sections 516A(a)(2)(A)(i)(I) and 516A(a)(2)(B)(iii) of the Tariff Act of 1930 (the "Act"), *as amended*, 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I) and (B)(iii).

## STANDING OF PLAINTIFF

5.     Interpipe was selected as the sole respondent and participated in the AD investigation that is the subject of this action. Interpipe is therefore an interested party within the meaning of section 771(9)(A) of the Act, 19 U.S.C. § 1677(9)(A), and has standing to bring this action under 28 U.S.C. § 2631(c) and 19 U.S.C. § 1516a(d).

## TIMELINESS OF THIS ACTION

6.     Section 516A(a)(2)(A)(i)(I) of the Act requires that, in actions challenging Commerce's determinations described in Section 516A(a)(2)(B)(iii), the summons must be filed within thirty (30) days of the date of publication in the *Federal Register* of the determination, and

the complaint must be filed within thirty (30) days thereafter. 19 U.S.C. § 1516a(a)(2)(A)(i)(I). On March 8, 2022, within thirty (30) days after the publication of the *Final Results* on February 10, 2022, Interpipe filed a summons with this Court. On April 6, 2022, within thirty (30) days thereafter, Interpipe filed this Complaint. This action is thus timely brought.

## STANDARD OF REVIEW

7. This Court reviews final determinations issued by Commerce pursuant to 19 U.S.C. § 1675 to determine whether they are "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i).

## STATEMENT OF FACTS

8. On July 18, 2014, Commerce published in the *Federal Register* the final determination in the investigation covering OCTG from Ukraine. *Certain Oil Country Tubular Goods From Ukraine*, 79 Fed. Reg. 41,969 (Dep't Commerce July 18, 2014) (final determination of sales at less than fair value and final negative determination of critical circumstances).

9. On July 18, 2014, Commerce also published in the *Federal Register* a notice of suspension of the AD investigation on OCTG from Ukraine effective on July 10, 2014. C*ertain Oil Country Tubular Goods From Ukraine*, 79 Fed. Reg. 41,959 (Dep't Commerce July 18, 2014) (suspension of AD investigation).

10. On July 16, 2019, Commerce published in the *Federal Register* a notice regarding the termination of the suspension agreement on OCTG from Ukraine and accordingly issued an AD order on OCTG from Ukraine effective on July 10, 2019. *Certain Oil Country Tubular Goods From Ukraine*, 84 Fed. Reg. 33,918 (Dep't Commerce July 16, 2019) (termination of the suspension agreement, rescission of admin. review, and issuance of AD order).

11.     On September 3, 2020, Commerce published in the *Federal Register* a notice initiating the first administrative review of the AD order on OCTG from Ukraine, covering the POR from July 1, 2019 through June 30, 2022. *Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 85 Fed. Reg. 54,983 (Dep't of Commerce Sept. 3, 2020). On December 8, 2020, Commerce corrected the beginning of the POR from July 1, 2019 to July 10, 2019. *Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 85 Fed. Reg. 78,990 (Dep't of Commerce Dec. 8, 2020).

12.     On October 6, 2020, Commerce issued an AD questionnaire to Interpipe. *Oil Country Tubular Goods From Ukraine*, 86 Fed. Reg. 43,522 (Dep't Commerce Aug. 9, 2021) (preliminary results of AD admin. review) ("*Preliminary Results*") and accompanying Decision Memorandum, dated August 2, 2021 ("*Preliminary Results Decision Memo*") at 2.

13.     From November 3, 2020, to July 20, 2021, Interpipe timely submitted responses to Commerce's initial AD questionnaire and supplemental questionnaires. *Id.* at 2-3. Interpipe, in part, argued that it was entitled to a constructed export price ("CEP") offset. *See e.g.*, Letter from Hogan Lovells US LLP to Commerce, "Antidumping Duty Administrative Review on Oil Country Tubular Goods from Ukraine: Section A Initial Questionnaire Response," (Nov. 3, 2020). Additionally, Interpipe argued that tariffs imposed under Section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. § 1862) on certain steel products imported into the United States pursuant to President Donald J. Trump's Proclamation 9705 should not be deducted from the U.S. price. *Proclamation 9705 of March 8, 2018: Adjusting Imports of Steel Into the United States,* 83 Fed. Reg. 11,625 (Mar. 15, 2018); Letter from Hogan Lovells US LLP to Commerce, "Antidumping Duty Administrative Review on Oil Country Tubular Goods from Ukraine: Sections B-E and Appendix V Initial Questionnaire Response," (Dec. 3, 2020). For example,

Interpipe emphasized the tentative nature of Section 232 duties given that a number of Section 232 exclusion requests were retroactively granted pursuant to agreements reached by importers and the U.S. Department of Justice as part of lawsuits before this Court.  Letter from Hogan Lovells US LLP to Commerce, "Antidumping Duty Administrative Review on Oil Country Tubular Goods from Ukraine: Sections B-E and Appendix V Initial Questionnaire Response," (Dec. 3, 2020). Interpipe explained that it had also appealed Commerce's denial of its Section 232 exclusion requests.  *Id.*; *see also North American Interpipe, Inc. v. United States*, Ct. No. 20-03825 (Ct. Int'l Trade); Interpipe's Case Br. at 16.  Commerce was therefore aware that settlement was possible.

14. On July 2, 2021, Interpipe submitted new factual information.  *Preliminary Results Decision Memo* at 2-3.

15. On July 27, 2021, Interpipe responded to Petitioner's July 22, 2022, Pre-Preliminary Results comments by rebutting Petitioner's allegation Interpipe was not entitled to a CEP offset.  Letter from Hogan Lovells US LLP to Commerce, "Antidumping Duty Administrative Review on Oil Country Tubular Goods from Ukraine: Response to Petitioner's July 22, 2021 Pre-Preliminary Results Comments," (July 27, 2021).

16. On February 11, 2021, Commerce postponed the deadline for the Preliminary Results.  *Preliminary Results Decision Memo* at 3.

17. On August 9, 2021, Commerce published in the *Federal Register* the Preliminary Results, assigning preliminary AD rates of 30.19% to Interpipe.  *Preliminary Results* at 43,522.

18. In its case brief, Interpipe requested, inter alia, that Commerce should (a) make a constructed CEP offset pursuant to section 773(a)(7)(B) of the Tariff Act of 1930 ("Act"); and (b) not deduct Section 232 duties from the U.S. price pursuant to section 772(c)(2)(A) of the Act.  *Final Results Issues and Decision Memo* at 4–16; *see also* Interpipe's Case Br. at 4–19.

5

19. On February 10, 2022, Commerce published its Final Results in the *Federal Register*. *Final Results*. Commerce disagreed with Interpipe and continued to find that a CEP offset is not warranted. *Final Issues and Decision Memo* at 6–8. Commerce stated that Interpipe did not provide sufficient supporting documentation to support the claimed levels of selling activities and did not provide a quantitative analysis. *Id.*

20. Commerce also disagreed with Interpipe and continued to deduct Section 232 duties from the price of U.S. sales of subject merchandise in calculating Interpipe's dumping margin. *Id.* at 12–16. According to Commerce, Section 232 duties should be treated as "United States import duties" under section 772(c)(2)(A) of the Act. *Id.* For example, Commerce claimed that Section 232 duties are not akin to AD/CVD duties or duties imposed pursuant to Section 201 of the Trade Act of 1974 (19 U.S.C. § 2251) because Section 232 duties do not remedy injury to domestic industries. Moreover, Commerce stated that Section 232 duties are not tentative in nature despite Interpipe's then-pending lawsuit in this Court regarding Commerce's denials of its Section 232 exclusion requests. *Id.*

21. Commerce assigned final duty rates of 27.80% to Interpipe. *Final Results* at 7,801.

## STATEMENT OF CLAIMS

### COUNT ONE

22. Paragraphs 1 to 21 are adopted and incorporated herein by reference.

23. The Department's decision to deviate from its prior practice, which was to grant a CEP offset to Interpipe for its sales of OCTG through NAI, is not supported by substantial evidence on the record and is otherwise not in accordance with law.

24. The Department's decision that Interpipe did not provide sufficient supporting documentation to support the claimed levels of selling activities is not supported by substantial

6

evidence on the record and is otherwise not in accordance with law. Interpipe provided evidence supporting the claimed levels of selling activities.

25. The Department's determination that Interpipe did not provide the requisite quantitative analysis is not supported by substantial evidence on the record and is otherwise not in accordance with law. There is no support for the Department's argument that respondents must provide a quantitative analysis.

26. Moreover, Interpipe did, in fact, provide a quantitative analysis demonstrating that indirect selling expenses vary between the home market level of trade and the CEP level of trade. Therefore, Commerce's decision that a CEP offset is not warranted in the *Final Results* is not supported by substantial evidence on the record and is otherwise not in accordance with law.

## COUNT TWO

27. Paragraphs 1 to 26 are adopted and incorporated herein by reference.

28. Interpipe demonstrated that Section 232 duties should not be considered "United States import duties" as they are akin to tariffs like AD/CVD and Section 201 that have traditionally not been deducted from U.S. price. Moreover, Interpipe demonstrated that Section 232 duties are temporary and tentative (and thus distinct from "United States import duties"), both in general and as specifically applied to Interpipe, because of its appeal of Commerce's denial of its Section 232 exclusion requests.

29. Therefore, Commerce's decision to deduct Section 232 duties from the U.S. price when calculating the margin in the *Final Results* is not supported by substantial evidence on the record and is otherwise not in accordance with law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

(a)      hold that the *Final Results* are unsupported by substantial evidence and otherwise not in accordance with law;

(b)      remand the *Final Results* to Commerce with instructions to issue a new determination and take other actions, as appropriate, consistent with this Court's decision; and

(c)      provide such other and further relief as this Court deems just and proper.

                                             Respectfully submitted,

                                             /s/ H. Deen Kaplan
                                             H. Deen Kaplan
                                             Jared R. Wessel
                                             Maria A. Arboleda
                                             Molly B. Newell
                                             Gregory M.A. Hawkins

                                             HOGAN LOVELLS US LLP
                                             Columbia Square
                                             555 Thirteenth Street, N.W.
                                             Washington, DC 20004-1109
                                             (202) 637-5799
                                             deen.kaplan@hoganlovells.com

                                             *Counsel to Interpipe Ukraine LLC and North American Interpipe, Inc.*

Date: April 6, 2022